IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

_____
                                          )
YURI TORRES GONZALES, et al.              )
                                          )
                                          )
                  Plaintiffs,             )
                                          )
        - vs. -                           )
                                          )
PRESTIGE MAINTENANCE USA, LTD.,           )      Case No.: 8:07-CV-01949-PJM
et al.                                    )
                                          )
                  Defendants.             )
_____)

## DEFENDANT PRESTIGE MAINTENANCE USA, LTD.'S ANSWER TO COMPLAINT

By and through its counsel Akin Gump Strauss Hauer & Feld LLP, Defendant Prestige

Maintenance USA, Ltd.[1] ("Prestige") hereby answers and states its defenses to the numbered

paragraphs of the Complaint.  Prestige denies each and every allegation of the Complaint not

expressly admitted below.

## SUMMARY OF THE ACTION

1.      Prestige admits that Plaintiffs allege to be, and appear to be, laborers who work or

have worked for Prestige.  Prestige admits the remaining allegations in Paragraph 1.

---

[1] Plaintiffs have improperly named Prestige Maintenance USA, Inc. as a defendant.  For purposes of this Answer, Prestige assumes that the allegations involving "Prestige Maintenance USA Inc." refer to Prestige Maintenance USA, Ltd.

2.      Prestige admits that Plaintiffs purport to bring collective actions on behalf of themselves and the proposed classes described in Paragraph 2.  Prestige denies each and every remaining allegation in Paragraph 2.

3.      Prestige admits that Plaintiffs purport to bring class actions on behalf of themselves and the proposed classes described in Paragraph 3.  Prestige denies each and every remaining allegation in Paragraph 3.

## JURISDICTION AND VENUE

4.      Paragraph 4 states only a legal conclusion, to which no response is required.  To the extent a response is required, Prestige admits the allegations in Paragraph 4.

5.      Paragraph 5 states only a legal conclusion, to which no response is required.  To the extent a response is required, Prestige admits the allegations in Paragraph 5 only to the extent of the state law claims by the named Plaintiffs.

6.      The first clause of the first sentence of Paragraph 6 states a legal conclusion to which no response is required.  Prestige admits that it conducts business in this District and that many of the relevant witnesses are located or easily accessible to this District.  The second sentence of Paragraph 6 states a legal conclusion to which no response is required.  Prestige denies each and every remaining allegation in Paragraph 6.

## THE PARTIES

7.      Upon information and belief, Prestige understands that "Yuri Torres Gonzales" refers to "Yuri Torres."  Prestige admits that Yuri Torres worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Virginia, from August 17, 2006

to April 2, 2007.  Prestige further admits that Yuri Torres reported that he resided in Alexandria, Virginia.  Prestige denies each and every remaining allegation contained in Paragraph 7.

8.      Prestige admits that Alfonso Lopez worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Virginia, from June 3, 2006 to March 9, 2007.  Prestige further admits that Alfonso Lopez reported that he resided in Falls Church, Virginia.  Prestige denies each and every remaining allegation contained in Paragraph 8.

9.      Prestige admits that Francisco Lopez has worked for Prestige, providing janitorial services to one or more Target stores in Virginia, from June 3, 2006 to the present.  Prestige further admits that Francisco Lopez reported that he resides in Falls Church, Virginia.  Prestige denies each and every remaining allegation contained in Paragraph 9.

10.     Upon information and belief, Prestige understands that "Raul Lopez Suarez" refers to "Raul Lopez."  Prestige admits that Raul Lopez worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Virginia and Maryland, from October 10, 2004 to February 12, 2006, and from June 3, 2006 to March 6, 2007.  Prestige further admits that Raul Lopez reported that he resided in Falls Church, Virginia.  Prestige denies each and every remaining allegation contained in Paragraph 10.

11.     Prestige admits that Manuel D. Moreno worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland and Virginia, from December 12, 2006 to May 14, 2006.  Prestige further admits that Manuel D. Moreno reported that he resided in Falls Church, Virginia.  Prestige denies each and every remaining allegation contained in Paragraph 11.

12.     Prestige admits that Ambrosio Moreno Ruiz has worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Virginia and Maryland, from April 4, 2005 to the present.  Prestige denies each and every remaining allegation contained in Paragraph 12.

13.     Upon information and belief, Prestige understands that "Victor Suarez Juarez" refers to "Victor Suarez."  Prestige admits that Victor Suarez has worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from November 17, 2006 to the present.  Prestige further admits that Victor Suarez reported that he resides in District Heights, Maryland.  Prestige denies each and every remaining allegation contained in Paragraph 13.

14.     Upon information and belief, Prestige understands that "Felix Suarez Hernandez" refers to "Felix Suarez."  Prestige admits that Felix Suarez worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from May 24, 2006 to July 27, 2007.  Prestige further admits that Felix Suarez reported that he resided in District Heights, Maryland.  Prestige denies each and every remaining allegation contained in Paragraph 14.

15.     Prestige admits that Juan Suarez worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from May 24, 2006 to May 5, 2007.  Prestige further admits that Juan Suarez reported that he resided in District Heights, Maryland.  Prestige denies each and every remaining allegation contained in Paragraph 15.

16.     Prestige admits that Pablo Rodriguez has worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from June 6, 2006 to

the present.  Prestige further admits that Pablo Rodriguez reported that he resides in Falls Church, Virginia.  Prestige denies each and every remaining allegation contained in Paragraph 16.

17.     Upon information and belief, Prestige understands that "Jose Daniel Moreno Ruiz" refers to "Jose D. Moreno."  Prestige admits that Jose D. Moreno worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from November 20, 2005 to January 23, 2006, and from April 11, 2006 to July 6, 2007.  Prestige denies each and every remaining allegation contained in Paragraph 17.

18.     Upon information and belief, Prestige understands that "Sergio Juarez Gonzalez" refers to "Sergio Juarez."  Prestige admits that Sergio Juarez has worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from November 20, 2005 to February 12, 2006, and from June 3, 2006 to the present.  Prestige further admits that Sergio Juarez reported that he resides in Falls Church, Virginia.  Prestige denies each and every remaining allegation contained in Paragraph 18.

19.     Prestige admits that Grasiela Juarez has worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from December 22, 2004 to the present.  Prestige denies each and every remaining allegation contained in Paragraph 19.

20.     Upon information and belief, Prestige understands that "Patricia Moreno" refers to "Patricia Moreno Ruiz."  Prestige admits that Patricia Moreno Ruiz has worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from April 21, 2005 to September 25, 2006, and from February 9, 2007 to the present.  Prestige denies each and every remaining allegation contained in Paragraph 20.

21.     Prestige admits that Fernando Suarez has worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Maryland, from March 21, 2005 to the present.  Prestige denies each and every remaining allegation contained in Paragraph 21.

22.     Prestige admits that Benjamin Lopez has worked for Prestige, providing cleaning, janitorial, or maintenance services to one or more Target stores in Virginia and Maryland, from November 20, 2005 to February 12, 2006, and from June 3, 2006 to the present.  Prestige further admits that Benjamin Lopez reported that he resides in Falls Church, Virginia.  Prestige denies each and every remaining allegation contained in Paragraph 18.

23.     Prestige admits that it is a limited partnership organized under the laws of the State of Texas and that it provides commercial cleaning, janitorial, and maintenance services.  Prestige admits that it provides commercial cleaning services to Target in several states.  Prestige further admits that it provides cleaning services to over 400 retail stores, a NASCAR racing facility, distribution centers, office facilities, warehouse facilities, and a public transportation system at an airport.  Prestige also admits that it employs over 1400 persons.  Prestige denies each and every remaining allegation contained in Paragraph 23.

24.     Prestige does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies each and every allegation.

### FACTUAL BACKGROUND

25.     Prestige admits the allegations in Paragraph 25.

26.     Prestige admits the allegations in Paragraph 26.

27.     Prestige admits that it provides cleaning crews to Target stores in a number of states, including stores located in Virginia, Maryland, Texas, Illinois, North Carolina, and New York.  Prestige denies each and every remaining allegation contained in Paragraph 27.

28.     Prestige admits that the named Plaintiffs worked in cleaning crews that cleaned Target stores.  Prestige denies each and every remaining allegation contained in Paragraph 28.

29.     Prestige admits that Plaintiffs customarily begin or began their shifts in the late evening, and complete or completed their shifts in the early morning.  Prestige also admits that Plaintiffs may have cleaned, among other things, carpets, floors, bathrooms, and the overall store. Prestige denies each and every remaining allegation contained in Paragraph 29.

30.     Prestige denies each and every allegation contained in Paragraph 30.

31.     Paragraph 31 states a legal conclusion, as to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 31.

32.     Paragraph 32 states a legal conclusion, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 32.

33.     Prestige denies each and every allegation contained in Paragraph 33.

34.     Prestige admits that each of the named Plaintiffs performs, or has performed, cleaning, janitorial, or maintenance services.

35.     Prestige admits that it was aware the Plaintiffs routinely worked more than forty hours a week in carrying out their jobs.  Prestige is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and therefore denies each and every remaining allegation.

36.     Prestige denies each and every allegation contained in Paragraph 36.

37.     Prestige admits the allegations contained in Paragraph 37.

38.     Prestige denies each and every allegation contained in Paragraph 38.

39.     Prestige admits that Yuri Torres routinely worked more than forty hours a week while employed by Prestige.  Prestige denies each and every remaining allegation in Paragraph 39.

40.     Prestige denies each and every allegation contained in Paragraph 40.

41.     Prestige admits the allegations contained in Paragraph 41.

42.     Prestige denies each and every allegation contained in Paragraph 42.

43.     Prestige admits the allegations contained in Paragraph 43.

44.     Prestige denies each and every allegation contained in Paragraph 44.

45.     Prestige admits that Raul Lopez routinely worked more than forty hours a week while employed by Prestige.  Prestige denies each and every remaining allegation in Paragraph 45.

46.     Prestige denies each and every allegation contained in Paragraph 46.

47.     Prestige admits that Manuel D. Moreno routinely worked more than forty hours a week while employed by Prestige.  Prestige denies each and every remaining allegation in Paragraph 47.

48.     Prestige denies each and every allegation contained in Paragraph 48.

49.     Prestige admits the allegations contained in Paragraph 49.

50.     Prestige denies each and every allegation contained in Paragraph 50.

51.     Prestige admits the allegations contained in Paragraph 51.

52.     Prestige denies each and every allegation contained in Paragraph 52.

53.     Prestige admits that Felix Suarez routinely worked more than forty hours a week while employed by Prestige.  Prestige denies each and every remaining allegation in Paragraph 53.

54.    Prestige denies each and every allegation contained in Paragraph 54.

55.    Prestige admits that Juan Suarez routinely worked more than forty hours a week while employed by Prestige.  Prestige denies each and every remaining allegation in Paragraph 55.

56.    Prestige denies the allegations contained in Paragraph 56.

57.    Prestige admits the allegations contained in Paragraph 57.

58.    Prestige denies the allegations contained in Paragraph 58.

59.    Prestige admits that Jose D. Moreno routinely worked more than forty hours a week while employed by Prestige.  Prestige denies each and every remaining allegation in Paragraph 59.

60.    Prestige denies the allegations contained in Paragraph 60.

61.    Prestige admits that Sergio Juarez routinely works more than forty hours a week. Prestige denies each and every remaining allegation in Paragraph 61.

62.    Prestige denies the allegations contained in Paragraph 62.

63.    Prestige admits that Grasiela Juarez routinely works more than forty hours a week. Prestige denies each and every remaining allegation in Paragraph 63.

64.    Prestige denies the allegations contained in Paragraph 64.

65.    Prestige admits that Patricia Moreno Ruiz routinely works more than forty hours a week.  Prestige denies each and every remaining allegation in Paragraph 65.

66.    Prestige denies the allegations contained in Paragraph 66.

67.    Prestige admits that Fernando Suarez routinely works more than forty hours a week.

68.    Prestige denies the allegations contained in Paragraph 68.

69.     Prestige admits the allegations contained in Paragraph 69.

## THE COLLECTIVE ACTION ELEMENTS OF PLAINTIFFS' CLAIMS

## THE PRESTIGE COLLECTIVE ACTION

70.     Prestige admits that Plaintiffs purport to bring a collective action on behalf of themselves and the proposed collective action members described in Paragraph 70.  Prestige denies that the standard for a collective action under the Fair Labor Standards Act (FLSA) has been met.  Defendant denies each and every remaining allegation contained in Paragraph 70.

71.     Prestige admits that Plaintiffs purport to bring a collective action on behalf of themselves and the proposed collective action members described in Paragraph 70.  Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation in Paragraph 71.

72.     Prestige denies each and every allegation contained in Paragraph 72.

73.     Prestige admits that the members of the purported Prestige Collective Action performed cleaning, janitorial, and/or maintenance services that are similar to the job duties carried out by Plaintiffs.  Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation contained in Paragraph 73.

74.     Prestige admits that the named Plaintiffs and the members of the purported Prestige Collective Action are or were employees of Prestige and not independent contractors at all times relevant to this complaint.  Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation contained in Paragraph 74.

75.     Prestige admits that it recorded the hours worked by Plaintiffs and the members of the purported Prestige Collective Action.  Prestige denies that the standard for a collective action

10

under the FLSA has been met, and denies each and every remaining allegation contained in

Paragraph 75.

76.      Prestige admits that Plaintiffs and the members of the purported Prestige Collective

Action ordinarily recorded their hours by dialing into a telephone timekeeping system on a daily

basis.  Prestige denies that the standard for a collective action under the FLSA has been met, and

denies each and every remaining allegation contained in Paragraph 76.

77.      Prestige denies each and every allegation contained in Paragraph 77.

78.      Prestige denies that the standard for a collective action under the FLSA has been

met, and denies each and every remaining allegation contained in Paragraph 78.

79.      Prestige denies that the standard for a collective action under the FLSA has been

met, and denies each and every remaining allegation contained in Paragraph 79.

80.      Prestige denies that the standard for a collective action under the FLSA has been

met, and denies each and every allegation contained in Paragraph 80.

## THE TARGET COLLECTIVE ACTION

81.      Prestige admits that Plaintiffs purport to bring a collective action on behalf of

themselves and the proposed collective action members described in Paragraph 81.  Prestige

denies that the standard for a collective action under the FLSA has been met.  Defendant denies

each and every remaining allegation contained in Paragraph 81.

82.      Prestige admits that Plaintiffs purport to bring a collective action on behalf of

themselves and the proposed collective action members described in Paragraph 81.  Prestige

denies that the standard for a collective action under the FLSA has been met, and denies each and

every remaining allegation in Paragraph 82.

83.     Paragraph 83 states a legal conclusion, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 83.

84.     Prestige denies each and every allegation contained in Paragraph 84.

85.     Prestige admits that the members of the purported Target Collective Action performed cleaning, janitorial, and/or maintenance services that are similar to the job duties carried out by Plaintiffs.  Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation contained in Paragraph 85.

86.     Prestige admits that the named Plaintiffs and the members of the purported Target Collective Action are or were employees of Prestige and not independent contractors.  Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation contained in Paragraph 86.

87.     Prestige admits that Plaintiffs and the members of the purported Target Collective Action ordinarily recorded their hours by dialing into a telephone timekeeping system on a daily basis.  Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation contained in Paragraph 87.

88.     Prestige denies each and every allegation contained in Paragraph 88.

89.     Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation contained in Paragraph 89.

90.     Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation contained in Paragraph 90.

91.     Prestige denies that the standard for a collective action under the FLSA has been met, and denies each and every remaining allegation contained in Paragraph 91.

## THE CLASS ACTION ELEMENTS OF PLAINTIFFS' CLAIMS

## THE PRESTIGE RULE 23 CLASS

92.     Prestige admits that Plaintiffs purport to bring a class action on behalf of themselves and the proposed class described in paragraph 92.  Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation.

93.     Prestige admits that Plaintiffs purport to bring a class action on behalf of themselves and the proposed class described in paragraph 92.  Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 93.

94.     Prestige denies each and every allegation contained in Paragraph 94.

95.     Prestige admits that the members of the purported Prestige Class performed cleaning, janitorial, and/or maintenance services that are similar to the job duties carried out by Plaintiffs.  Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 95.

96.     Prestige admits that the named Plaintiffs and the members of the purported Prestige Class are or were employees of Prestige and not independent contractors.  Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 96.

97.     Prestige admits that Plaintiffs and the members of the purported Prestige Class ordinarily recorded their hours by dialing into a telephone timekeeping system on a daily basis. Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 97.  Prestige denies that this action is properly maintainable as a class action.

98.     Prestige denies each and every allegation contained in Paragraph 98.

99.     Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 99.

100.    Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 100.

101.    Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 101.

102.    Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 102.

## **THE TARGET RULE 23 CLASS**

103.    Prestige admits that Plaintiffs purport to bring a class action on behalf of themselves and the proposed class described in Paragraph 103.  Prestige denies that any and all

claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation.

104.    Prestige admits that Plaintiffs purport to bring a class action on behalf of themselves and the proposed class described in Paragraph 103.  Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 104.

105.    Paragraph 105 states a legal conclusion, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 105.

106.    Prestige denies each and every allegation contained in Paragraph 106.

107.    Prestige admits that the members of the purported Target Class performed cleaning, janitorial, and/or maintenance services that are similar to the job duties carried out by Plaintiffs. Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 107.

108.    Prestige admits that the named Plaintiffs and the members of the purported Target Class are or were employees of Prestige and not independent contractors at all times relevant to this complaint.  Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 108.

109. Prestige admits that Plaintiffs and the members of the purported Target Class ordinarily recorded their hours by dialing into a telephone timekeeping system on a daily basis. Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 109.

110. Prestige denies each and every allegation contained in Paragraph 110.

111. Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 111.

112. Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 112.

113. Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 113.

114. Prestige denies that any claims set forth in the Complaint may be certified for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure, and denies each and every remaining allegation contained in Paragraph 114.

**ESTOPPEL FROM PLEADING AND TOLLING**

**OF APPLICABLE STATUTES OF LIMITATIONS**

115.     Paragraph 115 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 115.

116.     Paragraph 116 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 116.

117.     Paragraph 117 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 117.

118.     Paragraph 118 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 118.

**COUNT I**

**COLLECTIVE ACTION CLAIM FOR**

**FAILURE TO PAY OVERTIME**

119.     No response to Paragraph 119 is required.  To the extent a response is required, Prestige incorporates its responses to Paragraphs 1 through 118 as if fully set forth herein.

120.     Paragraph 120 states a legal conclusion, to which no response is required.  To the extent a response is required, Prestige admits that Plaintiffs were employees of Prestige within the

meaning of the FLSA for some period of time.  Prestige denies each and every remaining allegation contained in Paragraph 120.

121.    Paragraph 121 states a legal conclusion, to which no response is required.  To the extent a response is required, Prestige admits the allegations contained in Paragraph 121.

122.    Paragraph 122 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 122.

123.    Prestige denies each and every allegation contained in Paragraph 123.

124.    Paragraph 124 states a legal conclusion, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 124.

125.    Paragraph 125 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 125.

## COUNT II

## CLASS ACTION CLAIM FOR FAILURE TO PAY

## OVERTIME UNDER MARYLAND WAGE AND HOUR LAW

126.    No response to Paragraph 126 is required.  To the extent a response is required, Prestige incorporates its responses to Paragraphs 1 through 125 as if fully set forth herein.

127.    Paragraph 127 states a legal conclusion, to which no response is required.  To the extent a response is required, Prestige admits that Plaintiffs who worked more than forty hours in a week are entitled to overtime compensation for that week.

128.     Paragraph 128 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 128.

129.     Prestige denies each and every allegation contained in Paragraph 129.

130.     Paragraph 130 states a legal conclusion, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 130.

131.     Paragraph 131 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 131.

## COUNT III

## CLASS ACTION CLAIM FOR FAILURE TO PAY

## OVERTIME UNDER MARYLAND WAGE PAYMENT AND COLLECTION LAW

132.     No response to Paragraph 132 is required.  To the extent a response is required, Prestige incorporates its responses to Paragraphs 1 through 131 as if fully set forth herein.

133.     Paragraph 133 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 133.

134.     Paragraph 134 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 134.

135.     Prestige denies each and every allegation contained in Paragraph 135.

136.    Paragraph 136 states legal conclusions, to which no response is required.  To the extent a response is required, Prestige denies each and every allegation contained in Paragraph 136.

## PRAYER FOR RELIEF

Prestige denies that Plaintiffs are entitled to any of the relief they seek in Paragraphs 1-22 of the Prayer for Relief.

## DEFENSES

1.    Plaintiffs' claims must fail to the extent that they have failed to state a claim upon which relief can be granted.

2.    Plaintiffs' claims must fail to the extent that they are barred by the applicable statute of limitations.

3.    Prestige did not "suffer or permit" Plaintiffs to work without appropriate compensation within the meaning of the FLSA or the Maryland Wage and Hour Law ("MWHL"). To the extent that Plaintiffs worked any uncompensated time, Prestige was without constructive or actual knowledge of such work.

4.    Plaintiffs' claims must fail as Prestige properly treated and compensated Plaintiffs under the FLSA and the MWHL, and no wages are due or collectible under the Maryland Wage Payment Collection Law ("MWPCL").

5.    Without admitting that Defendant's alleged acts and omissions giving rise to Plaintiffs' claims violated the FLSA or MWHL, Plaintiffs and other proposed class and collective action members are not entitled to recover liquidated damages because Prestige at all times acted in good faith and with reasonable grounds for believing it had not violated the FLSA or MWHL.

6.      Without admitting that Defendant's alleged acts and omissions giving rise to Plaintiffs' claims violated the FLSA or MWHL, Plaintiffs' claims for damages beyond the two-year statute of limitations must fail because Prestige did not act willfully or with reckless disregard of applicable FLSA or MWHL prohibitions or requirements.

7.      If any Prestige supervisor or manager authorized, required, requested, suffered, or permitted an employee to perform uncompensated work, such supervisor or manager acted outside the scope of his of her employment.

8.      All or part of Plaintiffs' claims are barred by the *de minimis* doctrine.

9.      The claims of Plaintiffs and/or other individuals allegedly similarly situated, including proposed class or collective action members, are barred in whole or in part to the extent that subsequently acquired facts may demonstrate the applicability of the doctrines of waiver, estoppel, laches, ratification, unclean hands, accord and satisfaction, and payment and release for one or more of the named Plaintiffs or members of the putative class or collective actions.

10.     Prestige is entitled to a credit or set-off for any time paid but not worked by Plaintiffs or any alleged class or collective action members.

11.     To the extent they were not employed by Prestige during the relevant time period, Plaintiffs lack standing to prosecute the claims individually or as a class or collective action.

12.     Plaintiffs' claims are barred, in whole or in part, because the named Plaintiffs are not proper class representatives under Rule 23 of the Federal Rules of Civil Procedure.

13.     Plaintiffs cannot satisfy the requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure.

14.     Plaintiffs are not similarly situated to each other, to the proposed class or collective action members, or to any other person or persons for purposes of maintaining a collective action under 29 U.S.C. § 216(b).

15.     Plaintiffs' claims are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences, and/or do not involve common questions of law or fact.

16.     The Court lacks supplemental jurisdiction over Plaintiffs' state law claims to the extent they go beyond the claims of persons who properly opt in under the FLSA.

17.     Plaintiffs are not entitled to treble damages under the Maryland Wage Payment Collection Law as a matter of law.

18.     Plaintiffs' claims under the Maryland Wage Payment Collection Law are barred, or recovery of damages is precluded, because there is a bona fide dispute as to whether Plaintiffs are entitled to the wages sought.

19.     Travel to and from the actual place of performance of, and activities preliminary and postliminary to, the principal activities of Plaintiffs' employment are not compensable.

20.     Plaintiffs received the predominant benefit of all uncompensated meal periods. Prestige reserves the right to amend its defenses to the claims in the Complaint if investigation, discovery and/or further information should warrant such amendment.

**RELIEF REQUESTED**

Prestige requests that the Court enter judgment in its favor and against Plaintiffs,

dismissing the Complaint with prejudice and awarding Prestige its costs, and other further relief as

the Court may deem proper.

Respectfully submitted,

_/s/ William F. Allen_____
William F. Allen (D. Md. Bar No. 16816)
Michael J. Mueller (pro hac vice application pending)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: 202.887.4000
Fax:  202.887.4288
ballen@akingump.com
mmueller@akingump.com

Dated:  September 27, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2007, a true and correct copy of Defendant Prestige Maintenance USA, Ltd.'s Answer to Complaint was served upon the following through the Court's ECF filing system, and by first class U.S. Mail, postage pre-paid:

> Michael J. Snider, Esq.
> Ari Taragin, Esq.
> Jeff Taylor, Esq.
> Snider & Associates, LLC
> 104 Church Lane, Suite 201
> Baltimore, MD 21209
>
> Andreas N. Akaras, Esq.
> The Akara Law Offices
> 4423 Lehigh Road, #308
> College Park, MD 20740
>
> Teresa Wright, Esq.
> John M. Remy, Esq.
> Jackson Lewis
> 8614 Westwood Center Drive, Suite 950
> Vienna, Virginia 22182

Ellen M. Carrigan
Ellen M. Carrigan