**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **YURI TORRES GONZALES, et al.** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | **Civil No. PJM 07-1949** |
| | * | |
| **PRESTIGE MAINTENANCE USA,** | * | |
| **INC., et al.** | * | |
| | * | |
| **Defendants** | * | |

**CERTIFICATION ORDER PURSUANT TO MARYLAND UNIFORM
CERTIFICATION OF QUESTION OF LAW ACT
AND MARYLAND RULE 8-305**

It is this 25th day of August, 2008, by the United States District Court for the District of

Maryland,

ORDERED that the following question is certified to the Court of Appeals of Maryland

pursuant to Maryland Code, Courts and Judicial Proceedings, §§ 12-601 to 12-613 and Maryland

Rule 8-305:

> Apart from any claim he may have under the Fair Labor Standards Act, 29 U.S.C. §§ 201
> *et seq.* (FLSA), where an employee in Maryland claims that he worked more than 40 hours
> in a pay week but was not paid an overtime wage of at least 1.5 times the usual hourly wage,
> i.e., when his claim is based on entitlement to overtime wages, does he state a claim for
> violation of the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl.
> § 3-502 (MWPCL) (dealing with the timeliness of payments) or, following termination,
> violation of § 3-505 (dealing with payment on cessation of employment), such that treble
> damages may be awarded pursuant to § 3-507.1?

The particular phrasing used in the certified question is not intended to restrict the Court of

Appeals' consideration of the problems involved or the issues as the Court of Appeals perceives

them to be in its analysis of the facts herein stated and the parts of the record here included.  The Court of Appeals is free to amend or reformulate the question to the extent it deems necessary, in light of Maryland law, for the proper resolution of the case.

## I.

The instant case is an action by multiple Plaintiffs to recover unpaid overtime pay and liquidated damages under Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.*  (FLSA); the Maryland Wage and Hour Law, Md. Code Ann. Lab. & Empl. § 3-401 *et seq.* (MWHL); and the Maryland Wage Payment and Collection Law, Md. Code Ann. Lab. & Empl. § 3-501 *et seq.*  (MWPCL).  Defendant Prestige Maintenance, Inc., a Texas corporation, provides commercial cleaning, janitorial and maintenance services, including commercial cleaning services to Defendant Target Stores, Inc.  Target is organized under the laws of the State of Minnesota and headquartered in Minneapolis.  Plaintiffs were at relevant times employed by Prestige and performed cleaning, janitorial and maintenance duties at various Target stores throughout Maryland and Virginia.  They allege that they worked over 40 hours a week on a regular basis but were not compensated for their overtime work.[1]

The Court has before it Prestige's Motion to Dismiss, [Paper No. 12], seeking dismissal of Plaintiffs' claims under the MWPCL, on the grounds that the Act, most notably the treble damages provision, §5-701.1, does not apply to overtime claims.  After consideration of the papers and with the consent of the parties, the Court believes this issue is one of sufficient uncertainty and importance under Maryland law that it seeks further guidance from the Maryland Court of Appeals.

---

[1]In Plaintiffs' response to Prestige's Motion to Dismiss, Plaintiffs suggest that they may also have alleged claims for unpaid "straight time."  Defendants contend and the Court agrees that Plaintiffs have alleged no such claim.  The Complaint clearly states that they seek recovery for Defendants' "failure to pay overtime" under the FLSA (Count I), the MWHL (Count II), and the MWPCL (Count III).

## II.

The MWHL requires employers to pay the applicable minimum wage and overtime of at least 1.5 times the usual hourly wage for each hour over 40 that an employee works during a given work week.  The MWHL parallels the FLSA, pursuant to which damages are limited to actual unpaid wages plus an additional amount as liquidated damages.  The MWPCL requires employers to pay whatever wages are due on a regular basis and all that is due following termination of employment. The MWPCL allows for treble damages if the Court finds that non-payment was not the result of a bona fide dispute.

Defendants argue that the MWPCL does not apply to overtime claims.  They contend that the plain language of the MWHL and MWPCL precludes recovery for overtime claims under the MWPCL.  The term "overtime" is used in the MWHL and the FLSA, but not the MWPCL.  There is no similar provision under the MWPCL.  This, say Defendants, suggests that the MWPCL does not cover overtime claims.  Defendants also point out that when claims are brought under both the MWHL and the FLSA, recovery is generally limited to that available under the FLSA.  *See, e.g., Karabetis v. City of Baltimore*, 530 A.2d 293, 301-02 (Md. App. 1997) (indicating that where both state and federal law provided minimum wage protection, state law might be preempted).[2] Presumably they mean to suggest that once relief is afforded under the FLSA, there can be no further recovery under state law - the MWHL or the MWPCL.

---

[2]Although the MWHL parallels the FLSA, the Attorney General of Maryland has stated that "where the employment is covered under both federal and state law, that law should be applied which has higher standards and provides superior benefits."  Mazaroff, MARYLAND EMPLOYMENT LAW §6.01 (2d Ed. 2003) (citing 55 Op. Md. Att'y Gen. 219-221 (1970)); *see also* Maryland Department of Labor, Licensing and Regulation, Division of Labor and Industry's website, http://www.dllr.state.md.us/labor/wagepay/wpgenl.htm (last visited Aug. 14, 2008) ("The Maryland Wage and Hour Law is similar to the federal Fair Labor Standards Act (FLSA), but contains some important differences. . . .  Where either state or federal law is more stringent, the higher standard applies.").

Defendants also cite *McLaughlin v. Murphy*, 372 F. Supp. 2d 465 (D. Md. 2004), in which Judge Blake of this Court appears to have found that the MWPCL does not cover claims for overtime that has never been paid or is not due upon termination of employment:

> The MWPCL limits the availability of treble damages, however, to violations of § 3-502 or § 3-505. See § 3-507.1; *Glunt v. GES Exposition Servs.*, 123 F. Supp. 2d 847, 873 (D. Md. 2000). Section 3-502 deals with the timing of payment, and Section 3-505 deals with payment on cessation of employment. In contrast, McLaughlin's minimum wage and overtime claims are based on his entitlement to the wages themselves. He does not allege that [defendant] failed to pay him regularly, *but that it failed to pay him enough*; and he does not allege that [defendant] failed to pay him minimum wage and overtime due him upon his termination, *but that it failed to pay him these wages at all*.

*Id.* 474-75 (emphasis added). In *Williams v. Md. Office Relocators, LLC*, 485 F. Supp. 2d 616, 621-22 (D. Md. 2007), Judge Motz of this Court followed, at least in part, Judge Blake's rationale in evaluating a claim for unpaid overtime wages under the FLSA, MWHL and MWPCL. Judge Motz rejected Plaintiffs' claim under the MWPCL because it turned entirely upon the question of whether overtime pay was due at all, not whether it was due upon termination of employment. 485 F. Supp. 2d at 622.[3]

Neither Judge Blake nor Judge Motz cite Maryland case law or legislative history as to the applicability of the treble damages provision in the MWPCL to overtime claims, and in this Court's view, there remains some uncertainty.

In *Friolo v. Douglas Frankel*, 819 A.2d 354 (Md. 2003), for example, the Court of Appeals provides a brief analysis of Maryland law regarding application of the MWHL and the MWPCL. This discussion contains some statements which, with all respect, are difficult to harmonize. First, the court notes that "[t]here is no provision in the Wage and Hour Law for enhanced damages; the only recovery allowed, aside from costs and reasonable counsel fees, is the difference between the

---

[3] *But see infra* note 6.

wage due and the wage paid." *Id.* at 361.[4]  The court goes on to say that the MWPCL "does not

concern the amount of wages payable but rather the duty to pay whatever wages are due on a regular

basis and to pay all that is due following termination of the employment." *Id.* at 362.[5]  The court

then says, however, that the plaintiff "was entitled to sue under both statutes to recover any overtime

pay that remained due after termination of her employment." *Id.*  Finally, the court notes that

"[a]lthough the 1993 Act [which created the treble damages provision within the MWPCL] dealt

only with the [MWPCL], it was clear that the problem sought to be remedied - the inability of the

Commissioner to continue to pursue claims for unpaid wages - existed as well under the [MWHL]

. . . ." *Id.* at 364.  Arguably, because the central issue before the court involved the availability vel

non of attorneys' fees, the court's comments regarding the recoverability of overtime claims under

the two Acts are merely dicta.[6]

The website of the Maryland Department of Labor, Licensing and Regulation, Division of

Labor and Industry, which informs workers of their rights under the two Acts, introduces further

uncertainty.  It states that the MWHL "concerns minimum wage and overtime," whereas the

MWPCL addresses "when and how often employees must be paid, general guidelines for making

---

[4]The Court of Appeals, however, does not address the propriety of the jury instruction
that clearly allowed for the award of treble damages for overtime claims.

[5]To this point, the language is consistent with the holdings of Judge Blake and Judge
Motz.

[6]In *Williams*, Judge Motz stated that he "recognize[d] . . . that in *Friolo* . . . the Maryland
Court of Appeals ruled that the plaintiff was entitled to bring a claim for overtime pay under
both the MWHL and the MWPCL." 485 F. Supp. 622 n.4.

Judge Motz sought to distinguish *Friolo* on the grounds that there "plaintiff's claim for
overtime compensation became ripe only when defendant terminated her employment," *id.*,
whereas in the case before him the issue was whether "[plaintiff's] overtime pay was due at all."
485 F. Supp. 622.  Plaintiff in *Williams*, however, had specifically alleged that defendant "failed
to pay him overtime due to him upon termination of his employment," a distinction Judge Motz
found "unpersuasive." *Id.*

wage deductions . . ." and "how employees may enforce their rights."  Maryland Division of Labor and Industry, http//:www.dllr.state.md.us/labor/wagepay/wpgenl.htm (last visited Aug. 14, 2008). The only reference to treble damages on the website appears on the page devoted to remedies under the MWPCL, where there is no mention of overtime wages. Arguably, this suggests that the MWPCL and treble damages are not applicable to overtime claims. *See id.*, http://www.dllr.state.md.us/labor/wagepay/wpremedies.htm.

In the Maryland State Bar Association's *Maryland Bar Bulletin* newsletter, dated as recently as January 15, 2008, Andrew M. Dansicker, in his article entitled "Overtime Claims in Maryland State Courts - A Dying Species?", highlights the continuing uncertainty in this area.  He notes that "[f]or years, plaintiffs filed overtime cases in state courts, seeking overtime wages under the [MWHL] and treble damages under the [MWPCL]."  He reads the two federal court cases authored by Judges Blake and Motz to have held that the MWPCL "does not apply to overtime claims . . . but rather only applies to two limited types of wage claims: (a) claims that an employer failed to pay an employee wages owed upon termination of employment, *i.e.*, regular wages or bonuses or commissions; and (b) claims that an employer failed to pay employees on a regular basis, *i.e.*, every two weeks or twice monthly."  But the author questions whether state court judges will rely on these federal opinions and similarly deny plaintiffs' treble damages for overtime claims.

Given the cloudy state of the law, the Court believes that the issue is appropriate for certification pursuant to Maryland Code, Courts and Judicial Proceedings, §§ 12-601 to 12-613 and Maryland Rule 8-305.

**III.**

Plaintiffs shall be treated as Appellants and Defendants shall be treated as Appellees in the

certification process.


SO ORDERED.


_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE
