**<u>EXHIBIT 1</u>**

**to the**

**Memorandum In Support Of Joint Motion For
Final Approval Of Settlement Agreement, Final Judgment,
Stipulation Of Dismissal With Prejudice,
And Withdrawal Of Certification Request**

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among the named plaintiffs in the Action ("Named Plaintiffs") (identified on Exhibit A), the plaintiffs who have filed consents to join the Action ("Existing Opt-In Plaintiffs") (identified on Exhibit B), the agents, heirs, executors, administrators, beneficiaries, trustees, and legal representatives of each of them (collectively "Plaintiffs"); and Prestige Maintenance USA, Ltd. ("Prestige"), Target Corporation ("Target"), the subsidiaries, affiliates, predecessors, insurers, agents, successors, assigns, owners, partners, officers, officials, directors, shareholders, and present and former employees of each of them (collectively "Defendants").

I.   **BACKGROUND**

1.1     Plaintiffs are current or former hourly Prestige employees assigned to perform maintenance services at Target stores.

1.2     Plaintiffs have made certain allegations concerning the failure to pay required compensation for all hours of work in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Maryland state law.  Plaintiffs have asserted these allegations in a lawsuit currently pending in the United States District Court for the District of Maryland, Southern Division ("the Court"), entitled *Gonzales, et al. v. Prestige Maintenance USA, Ltd., et al.*, No. 07-CV-1949 (PJM) ("the Action").

1.3     Defendants deny Plaintiffs' allegations and have vigorously defended the Action.

1.4     The parties and their counsel believe that the interests of all concerned are best served by compromise, settlement, and dismissal of the instant Action with prejudice, and have concluded that the terms of this Settlement Agreement are fair, reasonable, adequate, and in the parties' collective best interests.

1.5     The parties participated in extensive settlement negotiations and a mediation and, as a result of these negotiations, have agreed to settle all issues, matters, and things in dispute between and among them pursuant to the terms of this Settlement Agreement.

1.6     In consideration of the mutual promises and covenants set forth herein, and the execution and performance of this Settlement Agreement, the parties hereby agree to the following terms:

II.     COMPROMISE ACKNOWLEDGEMENT

2.1     Plaintiffs acknowledge and agree that this Settlement Agreement and the consideration provided herein have been and are made and received solely on the basis of a compromise of disputed claims, and this Settlement Agreement is not, and shall not be construed as, an admission by Defendants of any liability whatsoever, nor is it, nor shall it be construed as, an admission of any act or fact whatsoever, including any violation of federal, state, local, or common law, statute, ordinance, directive, regulation, or order (including executive orders).

2.2     The parties have conducted discovery and independent investigations of the facts and law during this litigation, including, among other things, depositions, review and analysis of interrogatory answers, review and analysis of documents, and numerous interviews of current and former employees. Counsel have further analyzed the law as it relates to Plaintiffs' factual allegations, Defendants' defenses, and the potential damages claimed by Plaintiffs. The parties also have participated in a mediation and extended settlement negotiations with JAMS mediator Linda R. Singer, Esq.

2.3     Although Plaintiffs believe that the claims asserted in the instant Action have merit, Plaintiffs recognize and acknowledge the potential expense and length of continued litigation through trial and possible appeals. Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such

litigation and the likelihood of protracted appellate review.  Relying upon their fact

investigations and analyses, the parties have engaged in intensive arm's length negotiations with

a view to achieving a mutually acceptable settlement.  Plaintiffs believe that the settlement

reached confers substantial benefits upon the Plaintiffs and that the settlement is fair, reasonable,

adequate, in accordance with the law, and in the best interests of the Plaintiffs.

     2.4     Defendants believe that the claims asserted in the instant Action are without

merit.  Defendants deny Plaintiffs' claims and all charges of wrongdoing or liability.  Although

Defendants have vigorously contested the allegations in the litigation and deny that they

committed any wrongful action or violation of law, they believe nonetheless that further

litigation would be protracted, expensive, and contrary to their best interests.  Defendants have

devoted and, absent settlement, will continue to devote substantial amounts of time, energy, and

other resources to their defense against the claims asserted by Plaintiffs.  Accordingly,

Defendants believe that settlement is the best way to resolve the disputes among the parties while

minimizing their own further expenditures.

     2.5     Neither the terms of this Settlement Agreement nor the fact of this settlement

shall be deemed to be a concession or admission by Defendants of any violation of federal, state,

or local law, statute, regulation, rule, or executive order, or any obligation or duty at law or in

equity, and neither shall they be used or referred to in any proceeding other than proceedings to

interpret or enforce this Settlement Agreement.  Defendants' agreement to collective action

treatment under the FLSA of any persons or claims (whether asserted or not) for purposes of

settlement of this Action shall not be construed as an admission or concession by them that class

or collective treatment is otherwise appropriate in this Action or in any other action.

2.6     Plaintiffs' counsel independently have determined that settlement, dismissal, and release of the claims of the Plaintiffs are proper under the circumstances of this Action.

III.    PRELIMINARY COURT APPROVAL

The parties, through their counsel, agree to seek preliminary approval of the Settlement Agreement and to file a joint motion for a Proposed Preliminary Approval Order in the form attached hereto as Exhibit C (or in the form ordered by the Court and mutually acceptable to the parties) ("Preliminary Approval Order").  In the event the Court does not approve this Settlement Agreement, the Settlement Agreement shall have no effect, and the parties will revert to their respective positions as of the date and time immediately prior to the execution of this Settlement Agreement.

IV.     QUALIFIED SETTLEMENT FUND

4.1     Prestige shall cause to be established and maintained a Qualified Settlement Fund to be designated the Gonzales Qualified Settlement Fund ("QSF").  Rust Consulting, Inc. shall serve as the administrator of the QSF ("Administrator") in accordance with the terms of this Settlement Agreement.  Prestige shall be solely responsible for the costs of establishing, maintaining, and funding the QSF.

4.2     The Administrator shall apply for the employer identification number required for the QSF and shall provide that number to Prestige within two weeks after receiving it.  The Administrator shall comply with all applicable tax filings, withholdings, payments, and reporting requirements of the QSF, including those required by the Internal Revenue Code ("Code") and applicable regulations thereunder.  The Administrator shall timely inform Prestige whether Prestige has any federal or state tax payment or filing obligations associated with or arising out of payments made by the QSF.

- 4 -

V.   NOTICE

5.1    For settlement purposes only, the parties agree to seek collective action treatment of any and all claims against Prestige for wages by hourly Prestige employees assigned to perform maintenance or cleaning services at Target stores in the United States at any point during the period March 9, 2006 to June 1, 2008 ("National Collective Action"). The National Collective Action shall not include any Prestige employee hired on or after June 1, 2008. The name and last known address of each member of the National Collective Action is set forth in Exhibit D.

5.2    On an agreed date not more than two weeks after entry of the Preliminary Approval Order, the Administrator shall mail to each member of the National Collective Action a Notice of Right to Participate in Collective Action Settlement ("Notice") in the form of Exhibit E hereto. The Notice shall be mailed by first class mail in an envelope bearing the return address of the Administrator. The Notice shall include an Opt-In Consent Form by which members of the National Collective Action may indicate their intent to become a Plaintiff in this Action and participate in the settlement. The Administrator shall mail one copy of the Notice to each person listed in Exhibit D at the address identified therein. After the initial mailing, there shall be no further effort made to locate or provide Notice to members of the National Collective Action.

5.3    Members of the National Collective Action shall have forty-five (45) calendar days after the agreed mailing date ("Notice Period") to complete the Opt-In Consent Form and return it to the Administrator. No Opt-In Consent Form shall be valid unless it is fully complete and mailed to the Administrator on or before the close of the Notice Period (that is, with a post mark on or before the forty-fifth (45th) calendar day following the agreed mailing date). No Opt-In Consent Form shall be deemed to be fully complete unless it contains (A) the name of a

member of the National Collective Action, (B) a valid corresponding Prestige employee number or social security number; (C) an address; and (D) a signature.  Any members of the National Collective Action who completes a valid Opt-In Consent Form shall be deemed to be an Additional Opt-In Plaintiff.  The date upon which a valid Opt-In Consent Form is post-marked for mailing to the Administrator shall be deemed to be the date on which the consent is filed in Court for purposes of 29 U.S.C. §216(b).

     5.4    Within two weeks after the close of the Notice Period, the Administrator shall provide Prestige with (A) imaged copies of all Opt-In Consent Forms, and (B) a spread sheet listing each person who submitted an Opt-In Consent Form by name, address, Prestige employee number or social security number, post-mark date, and whether the form was signed.  Within two weeks after receiving this information, Prestige shall provide to Plaintiffs' counsel a final list containing the name and address of each individual who submitted a valid Opt-In Consent Form.

## VI.   PAYMENTS

     6.1    <u>Participation Payments To Named Plaintiffs</u>.  Subject to the terms of Section IX hereunder, the QSF shall make a participation payment to each of the Named Plaintiffs in this action in an amount to be determined by Plaintiffs' counsel, so long as the combined amount of these payments does not exceed $24,000.  The Administrator shall mail the participation payment checks to the law offices of Snider & Associates LLC for distribution to the Named Plaintiffs.  This payment shall be paid to the Named Plaintiffs for their time, efforts, and active participation in this litigation including, but not limited to, providing declarations and documents, responding to interrogatories, sitting for depositions, participating in meetings, and otherwise providing information relevant to the Action.

     6.2    <u>Payment Of Back Wages To Named Plaintiffs</u>.  Subject to the terms of Section IX hereunder, the QSF shall make an additional payment representing back wages to each Named

Plaintiff. The Administrator shall mail such payments together with the participation payments described in Section 6.1. Prestige shall calculate the amount of each such payment by multiplying: (A) the actual number of weeks worked by the Named Plaintiff during the period from July 20, 2004 through June 1, 2008 ("Named Plaintiff Calculation Period"); (B) 6.26 days per week; (C) 0.23333 hours per day (equivalent to 14 minutes per day); and (D) 1.5 times the weighted average pay rate of the Named Plaintiff during the Named Plaintiff Calculation Period. The amounts of these payments are set forth in Exhibit F.

     6.3    <u>Payment Of Back Wages To Existing Opt-In Plaintiffs</u>. Subject to the terms of Section IX hereunder, the QSF shall make a payment representing back wages to each Existing Opt-In Plaintiff. The Administrator shall mail such payment to each Existing Opt-In Plaintiff at an address to be provided by Plaintiffs' counsel, and Plaintiffs' counsel shall provide these addresses prior to the close of the Notice Period. Prestige shall calculate the amount of each such payment by multiplying: (A) the actual number of weeks worked by the Existing Opt-In Plaintiff during the period from three years before the date when the Existing Opt-In Plaintiff filed a consent to join the Action through June 1, 2008 ("Opt-In Plaintiff Calculation Period"); (B) 6.26 days per week; (C) 0.23333 hours per day (equivalent to 14 minutes per day); and (D) 1.5 times the weighted average pay rate of the Existing Opt-In Plaintiff during the Opt-In Plaintiff Calculation Period. The amounts of these payments are set forth in Exhibit G.

     6.4    <u>Payment Of Back Wages To Additional Opt-In Plaintiffs</u>. Subject to the terms of Section IX hereunder, the QSF shall make a payment representing back wages to each Additional Opt-In Plaintiff who files a valid Opt-In Consent Form in accordance with Section 5.3 herein. The Administrator shall mail such payment to the address provided by each

Additional Opt-In Plaintiff on his or her Opt-In Consent Form.  Prestige shall determine the amount of each such payment as follows:

(1)     Prior to the close of the Notice Period, Prestige shall calculate a Maximum Payment Amount for the Additional Opt-In Plaintiffs.  The Maximum Payment Amount shall be calculated by multiplying: (A) 1,333 full-time equivalent employees, representing the estimated average number of Prestige employees assigned to perform maintenance services at Target stores throughout the United States during the period from July 20, 2004 to July 20, 2007; (B) 6.26 days per week; (C) 0.23333 hours per day (equivalent to 14 minutes per day); (D) 156 weeks; (E) 1.5 times the average wage rate of Prestige employees assigned to perform maintenance services at Target stores throughout the United States during the period from July 20, 2004 to July 20, 2007; and (F) 0.20, representing a 20% participation cap.

(2)     Within thirty (30) days after Prestige submits a final list of Additional Opt-In Plaintiffs to Plaintiffs' counsel, Prestige shall calculate an Individual Payment Amount for each Additional Opt-In Plaintiff.  That amount shall be calculated by multiplying: (A) the actual number of weeks worked by the Additional Opt-In Plaintiff during the period from three years before the post-mark date of his or her Opt-In Consent Form through June 1, 2008  ("Additional Opt-In Plaintiff Calculation Period"); (B) 6.26 days per week; (C) 0.23333 hours per day (equivalent to 14 minutes per day); and (D) 1.5 times the weighted average wage rate of the Additional Opt-In Plaintiff during the Additional Opt-In Plaintiff Calculation Period.

(3)     If the sum of the Individual Payment Amounts for the Additional Opt-In Plaintiffs is less than the Maximum Payment Amount, then the QSF shall make a payment representing back wages to each Additional Opt-In Plaintiff in an amount equal to his or her Individual Payment Amount.  If the sum of the Individual Payment Amounts for the Additional Opt-In

Plaintiffs is greater than the Maximum Payment Amount, then the QSF shall make a payment representing back wages to each Additional Opt-In Plaintiff in an amount equal to his or her proportional share of the Maximum Payment Amount. The amounts of these payments are set forth in Exhibit H.

6.5     Payments to Plaintiffs' Attorneys. Subject to the terms of Section IX hereunder, the QSF shall make a payment to Andreas A. Akaras, Esq., for attorneys' fees in the gross amount of $210,000, and shall make a separate payment to Michael J. Snider, Esq., for attorneys' fees in the gross amount of $210,000. These payments shall be paid by check. The QSF shall make an additional payment to Michael J. Snider, Esq., for costs in the gross amount of $16,561.83.

6.6     Payment to CASA. Prestige (not the QSF) shall make a voluntary charitable contribution of $25,000 to CASA de Maryland, Inc., 310 Tulip Avenue, Takoma Park, MD 20912, and shall be entitled to any and all tax benefits associated therewith. Prestige acknowledges that the payment to CASA was secured by the efforts of Plaintiffs' counsel in connection with the settlement of this controversy. Prestige shall make this charitable contribution within two weeks after entry of the Order of Final Judgment and Dismissal With Prejudice as set forth in Section VIII.

VII.    RELEASE

7.1     Plaintiffs for themselves, their spouses, families, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasing Parties"), voluntarily and with the available advice of counsel, fully and forever release, acquit, and discharge the Defendants, their present or former officers, directors, subsidiaries, affiliates, partners, shareholders, employees, agents, attorneys, accountants, executors, administrators, personal representatives,

- 9 -

heirs, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Released Parties"), in their personal, individual, official and/or corporate capacities, from any and all FLSA claims, and all parallel state law claims, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasing Parties, or any of them, may assert anywhere in the world against the Released Parties, or any of them, arising up to and including the date upon which the Order of Final Judgment and Dismissal With Prejudice is entered by the Court in this Action. This release does not extend to claims for workers' compensation, claims brought under Title VII of the Civil Rights Act of 1964, or other statutory or common law claims unrelated to the payment or non-payment of compensation. Nothing in this Settlement Agreement shall be construed to limit the right of any party to retain any attorney in a subsequent action.

7.2    Plaintiffs' execution of this Settlement Agreement, when finally approved by the Court, shall effectuate the release provisions of Section 7.1 to which each Plaintiff is bound regardless of whether such Plaintiff negotiates a settlement check. If a Plaintiff fails to negotiate any settlement check for any reason, he or she shall be obligated to accept a replacement check offered by Prestige or the QSF in full consideration for the undertakings herein.

7.3    Plaintiffs accept the benefits provided herein as consideration in full and complete satisfaction and release of claims asserted in this Action or covered in this Settlement Agreement. All Plaintiffs shall be deemed to and shall have waived, released, discharged, and dismissed all released claims as set forth in Section 7.1 above, with full knowledge of any and all rights they may have, and they hereby assume the risk of any mistake of fact in connection with the true facts involved, or with regard to any facts which are now unknown to them.

VIII.   FINAL COURT APPROVAL AND DISMISSAL OF ACTION

8.1     Plaintiffs agree to seek dismissal of the instant Action against Defendants, with prejudice, in accordance with a form ordered by the Court and mutually acceptable to the parties ("Final Order").  Plaintiffs understand and agree that this Action shall be dismissed with prejudice with respect to all their claims upon entry of the Final Order by the Court in this Action.

8.2     Within two weeks following the calculation of payments to the Additional Opt-In Plaintiffs, the parties, through their counsel, shall file a joint motion for final approval of the settlement and dismissal of the action.

8.3     This Settlement Agreement (including all payments made hereunder) shall be contingent upon final approval of the Settlement Agreement by a United States District Judge and entry of the Final Order.  If the Court does not grant final approval of the Settlement Agreement or does not enter the Final Order, the Settlement Agreement shall have no effect, and the parties will revert to their respective positions as of the date and time immediately prior to the execution of this Settlement Agreement.  Neither Prestige nor the QSF shall make any payments described in this Settlement Agreement until after the entry of the Final Order.

IX.    ADMINISTRATION OF PAYMENTS

9.1     Within two weeks following entry of the Final Order or as may be necessary thereafter, Prestige shall transfer funds to the QSF in an amount sufficient to cover the payment obligations in Sections 6.1 through 6.5 of the Settlement Agreement.  As transferor of the funds to be deposited in the QSF, Prestige shall prepare and file the information statements concerning its payments to the QSF as required to be provided to the Internal Revenue Service pursuant to the regulations under Code § 468B.  The Administrator shall cause the QSF to distribute the

payments described in Sections 6.1 through 6.5 within thirty (30) days after the QSF receives the transfer of funds from Prestige.

9.2     The parties agree that there must be proper withholding of federal, state, and local income taxes, and the employees' share of FICA and Medicare on all settlement payments representing back wages.  The Administrator shall be responsible for calculating, withholding, and depositing or remitting the required amounts for federal, state, and local income taxes on all payments representing back wages, and the employees' share of FICA and Medicare.  The Administrator shall be responsible for preparing and distributing all appropriate tax forms associated with payments made by the QSF, including as appropriate Form W-2 and Miscellaneous Income Form 1099.

9.3     The Administrator shall be responsible for calculating and paying applicable FUTA, SUTA, and the employer's share of FICA and Medicare on all payments representing back wages.  Subject to the Indemnification Agreement, Prestige shall be responsible for paying such taxes to the QSF after reasonable notice by the QSF and before the time payments are to be made to the applicable government authority.  The amount of such taxes shall be in addition to the payments set forth in Sections 6.1 to 6.5 of the Settlement Agreement.  The QSF shall timely inform Prestige of its calculations, the amount of withholding, and amounts to be deposited and paid, in advance of any submission to government authorities or distributions to Plaintiffs.  Prestige shall have the opportunity to provide written notice to the QSF that it agrees with the calculations or to provide corrected calculations.  If no such notice or calculations are provided by Prestige before the submission to government authorities or distribution to Plaintiffs, the QSF may proceed with such submission or distribution on the assumption that its underlying calculations are correct, subject to the Indemnification Agreement.

9.4     Plaintiffs acknowledge and agree that it is their sole obligation to pay appropriate federal and state income taxes on all payments that lawfully qualify as income, and any payment to Plaintiffs shall be accompanied by a notice to that effect.  Plaintiffs further acknowledge and agree that any payment representing back wages constitutes taxable income subject to withholding for income taxes, FICA, and Medicare, and any payment to Plaintiffs shall be accompanied by a notice to that effect.

9.5     Defendants shall have no obligation or liability regarding distributions from the QSF to any individual Plaintiff.  Any Plaintiff who does not receive a settlement check shall have no recourse against Defendants for failure to receive any payment due under this Settlement Agreement.  Except as otherwise set forth herein, Defendants have neither control over nor obligation to distribute the settlement funds and, accordingly, are not responsible for such distribution.  Plaintiffs and their counsel will defend, release, and hold Defendants harmless from any and all claims or causes of action arising from the distribution of settlement funds.  Any claim against the QSF by a Plaintiff in this Action must be made within one year after the close of the Notice Period.

9.6     If any payment mailed by the Administrator to a Plaintiff is returned to the Administrator as undeliverable, or if any check mailed by the Administrator to a Plaintiff is not negotiated within 90 days of mailing, then such payment shall be refunded to Prestige upon the termination of the QSF without regard to the effect of any state's unclaimed property laws.

9.7     Prestige shall have the right to inspect the records of the QSF, including the original Opt-In Consent Forms, copies of payments, and imaged copies of the front and back of endorsed checks.

9.8     All notices mailed to Plaintiffs by the Administrator shall be provided in the English and Spanish languages.

9.9     The QSF shall terminate upon the later of one year after the close of the Notice Period or the resolution of any claim brought against the QSF.  All funds remaining in the QSF shall be returned to Prestige one year after the close of the Notice Period without regard to the effect of any state's unclaimed property laws.  To the extent that any individual may later prevail on a claim brought against the QSF, Prestige shall transfer additional funds to the QSF in an amount sufficient to satisfy that claim.

## X.     PAYMENTS BY TARGET

Target shall have no obligation to make any payments to Plaintiffs, Plaintiffs' attorneys, the QSF, or the Administrator in connection with this settlement.  Notwithstanding any prior agreement to the contrary, Target shall be responsible for bearing its own fees and costs associated with defending this Action.

## XI.    RESOLUTION OF FUTURE DISPUTES

The U.S. District Court for the District of Maryland shall have continuing jurisdiction to interpret and enforce this Settlement Agreement and to hear and adjudicate any dispute or litigation arising from this Settlement Agreement.

## XII.   DOCUMENTS

To preserve the private and confidential information related to Plaintiffs, all other employees, and the Defendants' legitimate protected and private information, counsel for the parties shall, at the end of the one-year period immediately following entry of the Final Order, destroy or return to each other all documents and information produced during the course of the litigation that was subject to the protective order in this Action.

- 14 -

XIII.   <u>PARTIES' AUTHORITY</u>

The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and to bind the parties hereto to the terms and conditions hereof.  All parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Settlement Agreement, and this Settlement Agreement is made with the consent and advice of counsel who have jointly prepared this Settlement Agreement.

XIV.   <u>MUTUAL FULL COOPERATION</u>

The parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Settlement Agreement and to take such other action as may reasonably be necessary to implement and effectuate the terms hereof.

XV.   <u>NON-DISCLOSURE</u>

Other than for official use in wage and hour investigations, government hearings, and court filings and hearings in this litigation, Plaintiffs and their counsel shall make no public statement, including without limitation any press conference, press release, media interview, mailing, advertisement, solicitation, or web site posting, regarding this litigation or settlement that mentions, identifies, alludes to, or refers to Target in any manner that is intended to imply that Target was liable to Plaintiffs or that Target paid any money towards this settlement. Furthermore, in response to a question from a reporter or other media representative in a press conference or interview, Plaintiffs and their counsel may answer truthfully so long as they make no statement that Target was found liable or that it paid any money toward this settlement.

XVI.   <u>MODIFICATION</u>

This Settlement Agreement and its attachment may not be changed, altered, or modified, except in writing and signed by the parties hereto, and approved by the Court.

XVII.   ENTIRE AGREEMENT

This Settlement Agreement and its attachments constitute the entire agreement between the parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Settlement Agreement.  In the event of any conflict between this Settlement Agreement and any other settlement-related document, the parties intend that this Settlement Agreement shall be controlling.

XVIII.  CHOICE OF LAW/JURISDICTION

This Settlement Agreement shall he subject to, governed by, construed, enforced, and administered in accordance with the laws of Maryland, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the District of Maryland, Southern Division.  This Settlement Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Settlement Agreement or any specific term or condition thereof.

XIX.   COUNTERPARTS

This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall he binding upon and effective as to all parties.


[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the 9th day of March, 2009.

**NAMED PLAINTIFFS:**

| | |
|---|---|
| _____ | _____ |
| Graciela Juarez | Sergio Juarez Gonzalez |
| _____ | _____ |
| Alfonso Lopez Saurez | Benjamin Lopez Saurez |
| _____ | _____ |
| Francisco Lopez Saurez | Raul Lopez Suarez |
| _____ | _____ |
| Ambrosio Moreno Ruiz | Jose Daniel Moreno Ruiz |
| _____ | _____ |
| Manuel Dionicio Moreno | Patricia Moreno |
| _____ | _____ |
| Pablo Rodriguez | Felix Suarez Hernandez |
| _____ | _____ |
| Fernando Suarez | Juan Suarez |
| _____ | _____ |
| Victor Suarez Juarez | Yuri Torres Gonzales |

APPROVED:


_____          _____
Andreas N. Akaras, Esq.          Michael J. Snider, Esq.
AKARAS LAW OFFICES               SNIDER & ASSOCIATES, LLC
4423 Lehigh Road, Suite 308      104 Church Lane, Suite 100
College Park, MD 20740           Baltimore, MD 21208
Tel: (301) 864-7763              Tel: (410) 653-9060


*Attorneys for Plaintiffs*

04/02/2009   11:18  Snider and Associates                    (FAX)410 653 9061            P.003/003

03/15/2009 14:38 FAX  7035731884          CASH_CORP.                          @001/002

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the __

day of 04-02, 2009.

NAMED PLAINTIFFS:

Graciela Juarez                              Sergio Juarez Gonzalez

Alfonso Lopez Seurez                         Benjamin Lopez Saurez

Francisco Lopez Saurez                       Raul Lopez Suarez

Ambrose Moreno Ruiz                          Jose Daniel Moreno Ruiz

Manuel Dionicio Moreno                       Patricia Moreno

Pablo Rodriguez                              Felix Suarez Hernandez

Fernando Suarez                              Juan Suarez

Victor Suarez Juarez                         Yuri Torres Gonzales

APPROVED:


Andreas N. Akaras, Esq.                  Michael J. Snider, Esq.
AKARAS LAW OFFICES                       SNIDER & ASSOCIATES, LLC
4423 Lehigh Road, Suite 308              104 Church Lane, Suite 100
College Park, MD 20740                   Baltimore, MD 21208
Tel: (301) 864-7763                      Tel: (410) 653-9060

*Attorneys for Plaintiffs*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the ___ day of _____, 2009.

**NAMED PLAINTIFFS:**

| | |
|---|---|
| _____ | _____ |
| Graciela Juarez | Sergio Juarez Gonzalez |
| _____ | _____ |
| Alfonso Lopez Saurez | Benjamin Lopez Saurez |
| _____ | _____ |
| Francisco Lopez Saurez | Raul Lopez Suarez |
| _____ | _____ |
| Ambrosio Moreno Ruiz | Jose Daniel Moreno Ruiz |
| _____ | _____ |
| Manuel Dionicio Moreno | Patricia Moreno |
| _____ | _____ |
| Pablo Rodriguez | Felix Suarez Hernandez |
| _____ | _____ |
| Fernando Suarez | Juan Suarez |
| _____ | _____ |
| Victor Suarez Juarez | Yuri Torres Gonzales |

**APPROVED:**

| | |
|---|---|
| _____ | _____ |
| Andreas N. Akaras, Esq. | Michael J. Snider, Esq. |
| AKARAS LAW OFFICES | SNIDER & ASSOCIATES, LLC |
| 4423 Lehigh Road, Suite 308 | 104 Church Lane, Suite 100 |
| College Park, MD 20740 | Baltimore, MD 21208 |
| Tel: (301) 864-7763 | Tel: (410) 653-9060 |

*Attorneys for Plaintiffs*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the ___ day of _____, 2009.

## NAMED PLAINTIFFS:

| | |
|---|---|
| Graciela Juarez | Sergio Juarez Gonzalez |
| Alfonso Lopez Saurez | Benjamin Lopez Saurez |
| Francisco Lopez Saurez | Raul Lopez Suarez |
| Ambrosio Moreno Ruiz | Jose Daniel Moreno Ruiz |
| Manuel Dionicio Moreno | Patricia Moreno |
| Pablo Rodriguez | Felix Suarez Hernandez |
| Fernando Suarez | Juan Suarez |
| Victor Suarez Juarez | Yuri Torres Gonzales |

APPROVED:

Andreas N. Akaras, Esq.
AKARAS LAW OFFICES
4423 Lehigh Road, Suite 308
College Park, MD 20740
Tel: (301) 864-7763

Michael J. Snider, Esq.
SNIDER & ASSOCIATES, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208
Tel: (410) 653-9060

*Attorneys for Plaintiffs*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the __

day of _____, 2009.

**NAMED PLAINTIFFS:**

| | |
|---|---|
| Graciela Juarez | Sergio Juarez Gonzalez |
| Alfonso Lopez Saurez | Benjamin Lopez Saurez |
| Francisco Lopez Saurez | Raul Lopez Suarez |
| Ambrosio Moreno Ruiz | Jose Daniel Moreno Ruiz |
| Manuel Dionicio Moreno | Patricia Moreno |
| Pablo Rodriguez | Felix Suarez Hernandez |
| Fernando Suarez | Juan Suarez |
| Victor Suarez Juarez | Yuri Torres Gonzales |

**APPROVED:**

Andreas N. Akaras, Esq.                    Michael J. Snider, Esq.
AKARAS LAW OFFICES                         SNIDER & ASSOCIATES, LLC
4423 Lehigh Road, Suite 308                104 Church Lane, Suite 100
College Park, MD 20740                     Baltimore, MD 21208
Tel: (301) 864-7763                        Tel: (410) 653-9060

*Attorneys for Plaintiffs*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the __

day of _____, 2009.

**NAMED PLAINTIFFS:**

| | |
|---|---|
| Graciela Juarez | Sergio Juarez Gonzalez |
| Alfonso Lopez Saurez | Benjamin Lopez Saurez |
| Francisco Lopez Saurez | Raul Lopez Suarez |
| Ambrosio Moreno Ruiz | Jose Daniel Moreno Ruiz |
| Manuel Dionicio Moreno | Patricia Moreno |
| Pablo Rodriguez | Felix Suarez Hernandez |
| Fernando Suarez | Juan Suarez |
| Victor Suarez Juarez | Yuri Torres Gonzales |

**APPROVED:**

Andreas N. Akaras, Esq.
AKARAS LAW OFFICES
4423 Lehigh Road, Suite 308
College Park, MD 20740
Tel: (301) 864-7763

Michael J. Snider, Esq.
SNIDER & ASSOCIATES, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208
Tel: (410) 653-9060

*Attorneys for Plaintiffs*

**DEFENDANTS:**

**PRESTIGE MAINTENANCE USA, LTD.**

By: _____
        Rachel Sanchez
        Vice President of Finance

APPROVED:

_____  _____

Philip A. Toomey, Esq.     Michael J. Mueller, Esq.
CARICO RICE TOOMEY LLP   Christopher E. Humber, Esq.
1201 Morningside Drive, Suite 200  HUNTON & WILLIAMS LLP
Manhattan Beach, CA 90266   1900 K Street, N.W.
Tel: (310) 545-5831      Washington, DC 20006
             Tel: (202) 955-1500

*Attorneys for Defendant Prestige Maintenance USA, Ltd.*

**TARGET CORPORATION**

By: _____

ERIC SJODING
SR. ER COUNSEL

APPROVED:

_____
John M. Remy, Esq.
Paul DeCamp, Esq.
Jacqueline C. Tully, Esq.
JACKSON LEWIS LLP
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Tel: (703) 483-8300
Fax: (703) 483-8301

*Attorneys for Defendant Target Corporation*

**DEFENDANTS:**

**PRESTIGE MAINTENANCE USA, LTD.**

By: _Rachel Sanchez_
      Rachel Sanchez
      Vice President of Finance

**APPROVED:**

_Philip A. Toomey_

Philip A. Toomey, Esq.
CARICO RICE TOOMEY LLP
1201 Morningside Drive, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 545-5831

_Christopher Humber_

Michael J. Mueller, Esq.
Christopher E. Humber, Esq.
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
Tel: (202) 955-1500

*Attorneys for Defendant Prestige Maintenance USA, Ltd.*

**TARGET CORPORATION**

By: _____

**APPROVED:**

John M. Remy, Esq.
Paul DeCamp, Esq.
Jacqueline C. Tully, Esq.
JACKSON LEWIS LLP
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
Tel: (703) 483-8300
Fax: (703) 483-8301

*Attorneys for Defendant Target Corporation*

- 18 -

## TABLE OF EXHIBITS

Exh. A        Named Plaintiffs

Exh. B        Existing Opt-In Plaintiffs

Exh. C        Proposed Preliminary Approval Order

Exh. D        National Collective Action Members

Exh. E        Notice of Right to Participate in Collective Action Settlement

Exh. F        Payment of Back Wages to Named Plaintiffs

Exh. G        Payment of Back Wages to Existing Opt-In Plaintiffs

Exh. H        Payment of Back Wages to Additional Opt-In Plaintiffs

EXHIBIT 1-F

NAMED PLAINTIFFS - BACKPAY AMOUNTS

| LastName | FirstName | Address1 | City | State | Zip | EmployeeNumber | BackpayAmount |
|----------|-----------|----------|------|-------|-----|----------------|---------------|
| Juarez | Grasiela | 10908 Coverstone Apt A4 | Manassas | VA | 20109 | 6027 | 2,513 |
| Juarez | Sergio | 6732 Wascott Rd | Falls Church | VA | 22042 | 7012 | 1,625 |
| Lopez | Alfonso | 6732 Woscott Rd | Falls Church | VA | 22042 | 7005 | 1,416 |
| Lopez | Benjamin | 6732 Woscott Rd | Falls Church | VA | 22042 | 14804 | 1,869 |
| Lopez | Francisco | 7308 Camp Alger Ave | Falls Church | VA | 22042 | 7942 | 1,934 |
| Lopez | Raul | 6732 Woscott | Falls Church | VA | 22044 | 7940 | 2,229 |
| Moreno | Ambrosio | 5500 54th Ave Apt 3 | Riverdale | MD | 20737 | 6994 | 2,776 |
| Moreno | Jose | 7308 Camp Alger Ave | Falls Church | VA | 22042 | 9492 | 1,295 |
| Moreno | Manuel | 7308 Camp Alger Ave | Falls Church | VA | 22042 | 12276 | 322 |
| Moreno-Ruiz | Patricia | 5500 54th Ave | Riverdale | MD | 20737 | 21008 | 2,623 |
| Rodriguez | Pablo | 7308 Camp Alger Ave | Falls Church | VA | 22042 | 7939 | 1,622 |
| Suarez | Felix | 5500 54th Ave Apt 3 | Riverdale | MD | 20737 | 16144 | 1,420 |
| Suarez | Fernando | 15068 Greenmount Rd | Woodbrige | VA | 22193 | 11091 | 1,504 |
| Suarez | Juan | 7009 Helena Pl | Distrit Heights | MD | 20742 | 4711 | 762 |
| Suarez | Victor | 7009 Helena Pl | District Heights | MD | 20747 | 11121 | 1,210 |
| Torres | Yuri | 3211 Moncrial St | Alexandria | VA | 22306 | 11081 | 2,401 |

27,521

**EXHIBIT 1-G**

**EXISTING OPT-IN PLAINTIFFS - BACKPAY AMOUNTS**

| LastName | FirstName | Address1 | City | State | Zip | EmployeeNumber | Backpay Payment |
|---|---|---|---|---|---|---|---|
| Aguila | Andres | 7411 Barley Walk | Falls Church | VA | 22193 | 9493 | 2,182 |
| Cabrera | Laura | 1815 Hamlin Street SE | Washington | DC | 20018 | 6986 | 0 |
| Celestino-Juarez | Maribel | 7408 Arlinton Blvd # 7408 | Falls Church | VA | 22042 | 16171 | 683 |
| Garcia | Erick | 4247 Jennifer Apt 2 D | Arlington | IL | 60004 | 4728 | 2,385 |
| Juarez | Edgar | 6158 Willston Dr Apt 102 | Falls Chruch | VA | 22044 | 6984 | 2,387 |
| Juarez | Fernando | 7038 Camp Alger Ave | Falls Church | VA | 22044 | 14313 | 2,472 |
| Juarez | Francisco | 7308 Camp Diger Ave | Falls Church | VA | 22042 | 7924 | 2,173 |
| Juarez | Juan | 4612 Columbia Road | Annandale | VA | 22003 | 6028 | 2,760 |
| Juarez | Reina | 7308 Camp Alger Ave | Falls Church | VA | 22042 | 13511 | 1,386 |
| Martinez | Gloria | 1816 Olney Rd | Falls Church | VA | 22043 | 14799 | 35 |
| Moreno | Victor | 6712 Cimarron St | Springfield | VA | 22150 | 2218 | 2,215 |

18,678

**EXHIBIT 1-H**

**ADDITIONAL OPT-IN PLAINTIFFS - TIMELY AND COMPLETE**

**BACKPAY AMOUNTS**

| FuatID | FirstName | LastName | Address1 | City | State | Zip | PostMark Date | Backpay Amount |
|---|---|---|---|---|---|---|---|---|
| 2035 | ROGELIO | ALVARADO | 1810 MARGARITA LN | RIO BRAVO | TX | 78046 | 6/23/2009 | $196.31 |
| 3049 | MARIA | ANTUNEZ | 5500 EL CAMINO DEL REY #2507 | HOUSTON | TX | 77081 | 6/17/2009 | $598.13 |
| 3193 | PEDRO | ARAGON | 909 MAGNOLIA LANE APT 3 | MADISON | WI | 53713 | 6/8/2009 | $752.93 |
| 3346 | JOSE | ARAUS | 5565 GASMER # 538 | HOUSTON | TX | 77035 | 6/25/2009 | $583.89 |
| 3575 | ANA | ARGUMEDO | 273 HUDSON DR | VALLEY VIEW | TX | 76272 | 6/22/2009 | $28.48 |
| 4718 | ANTHONY | BARNES | 610 FERRY APT 28 | GALVESTON | TX | 77055 | 7/10/2009 | $44.70 |
| 5197 | MARTHA | BASURTO | 116 MARSH ST | WATERLOO | IA | 50702 | 7/10/2009 | $721.38 |
| 5500 | DONALD | BELL | 120 1/2 LAFAYETTE ST # 4 | WATERLOO | IA | 50307 | 6/18/2009 | $0.00 |
| 5968 | WILLIAM | BLISS | 824 1/2 2ND AVE NW APT B | FARIBAULT | MN | 55021 | 6/12/2009 | $152.82 |
| 7689 | ARIEL | CANCANONVICENS | 460 EATON PL | LAKEWOOD | CO | 80226 | 7/8/2009 | $47.00 |
| 7801 | MIGUEL | CANO BADILLO | 2683 XANADU ST | AURORA | CO | 80611 | 7/16/2009 | $416.50 |
| 8204 | MIGUEL | CARDONA | 227 SPENCER ST | ROCHESTER | NY | 14608 | 6/6/2009 | $52.58 |
| 9911 | MARICELA | CEJA | 956 PINE BROOK | GRAND PRAIRIE | TX | 75052 | 6/19/2009 | $1,131.20 |
| 11457 | ALEXIS | COLLAZO | 9 ELSER TERRACE | ROCHESTER | NY | 14611 | 7/16/2009 | $227.86 |
| 11594 | AIDA | CONCEPCION | 115 DEBRA LN | BUFFALO | NY | 14207 | 6/23/2009 | $227.86 |
| 14427 | ZULEMA | DAVILA | 390 SWAN ST | BUFFALO | NY | 14204 | 6/16/2009 | $35.06 |
| 14502 | GLORIA | DE JESUS | 9 ELSER TERRACE | ROCHESTER | NY | 14611 | 7/16/2009 | $210.33 |
| 14922 | JORGE | DE ROSA | PO BOX 732 | BUFFALO | NY | 14201 | 6/10/2009 | $175.28 |
| 15660 | MARIA | DIAZ | 2910 PATVOOKER ROAD APT 62 | SAN ANTONIO | TX | 78148 | 7/9/2009 | $99.69 |
| 15745 | NICOLAS | DIAZ | 1435 SAN FRANCISCO | SAN ANTONIO | TX | 78237 | 6/6/2009 | $394.37 |
| 16155 | ANA | DOMINGUEZ | 7429 W 62ND ST #2 | SUMMIT | IL | 60501 | 6/27/2009 | $1,708.41 |
| 17411 | ANOTNIO | ESPARZA MARTINEZ | 2345 COBB PARKWAY APT L 1 | SMYRNA | GA | 30080 | 6/12/2009 | $28.48 |
| 17770 | JESUS | ESQUILIN | 16 ROSATTEATETRUZZI | BUFFALO | NY | 14201 | 7/2/2009 | $105.17 |
| 17930 | FILDAADELFO | ESTRADA | 1106 E ELM ST | WHEATON | IL | 60187 | 6/25/2009 | $316.59 |
| 18548 | DAVID | FIDELDY | 2579 DIANE LN LOT 29 | GRAND RAPIDS | MN | 55744 | 7/6/2009 | $488.48 |
| 18630 | LUZ | FIGUEROA | PO BOX 13452 R | ROCHESTER | NY | 14613 | 6/18/2009 | $17.53 |
| 19743 | EDUARDO | FOZADO | 2116 S 15TH PL | MILWAUKEE | WI | 53215 | 6/8/2009 | $1,574.98 |
| 20145 | VICTOR | FUENTES | 526 NIAGARA ST A 304 | BUFFALO | NY | 14201 | 6/30/2009 | $765.74 |
| 21852 | MARTHA | GARCIA | PO BOX 194403 | LITTLE ROCK | AR | 72219-4403 | 6/30/2009 | $14.68 |
| 20732 | AGUSTIN | GARCIA | 7429 W 62ND ST | SUMMIT | IL | 60501 | 7/16/2009 | $1,910.85 |
| 23474 | ESPERANZA | GOMEZ | 198 ATKINSON ST | ROCHESTER | NY | 14608 | 6/15/2009 | $578.42 |
| 25829 | TEELA | GRIGGS | 3939 W. ARTHINGTON | CHICAGO | IL | 60624 | 6/6/2009 | $0.00 |
| 26864 | LOURDES | GUZMAN | 2935 COLUMBUS | MINNEAPOLIS | MN | 55407 | 6/11/2009 | $1,648.27 |
| 26659 | ARTURO | GUZMAN | 2935 COLUMBUS AVE S | MINNEALOPIS | MN | 55407 | 6/8/2009 | $429.43 |
| 27137 | MARK | HEINZER | 33834 E PUGHOLE LK RD | GRAND RAPIDS | MN | 55744 | 6/8/2009 | $172.32 |
| 27182 | HECTORA | HENRIQUEZ DE CANELA | 10164 PLEASURE CREEK PARKWAY | BLAINE | MN | 55434 | 6/6/2009 | $1,404.63 |
| 28882 | MARIA DE JESUS | HERNANDEZ | 7245 HILLCROFT 12 | HOUSTON | TX | 77081 | 7/13/2009 | $313.31 |
| 27380 | ALFREDO | HERNANDEZ | 2910 PAT BOOKER RD LOT 62 | UNIVERSAL CITY | TX | 78148 | 7/9/2009 | $107.25 |
| 30113 | MARIA | HERRERA | 1618 TEXAS PL | STURGEON BAY | WI | 54235 | 6/8/2009 | $52.91 |
| 30168 | LEONARDO | HERRERA CRUZ | 5218 S 73RD CT APT 1 | SUMMIT | IL | 60501 | 7/15/2009 | $1,794.62 |
| 30328 | TERENCE | HOWARD | 614 KRIEGER RD | WEBSTER | NY | 14580 | 6/6/2009 | $245.39 |
| 32575 | ZANE | KEMBITSKEY | 701 6TH ST | ROSEAU | MN | 56751 | 1/0/1900 | $33.96 |

| ID | First Name | Last Name | Address | City | State | Zip | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 32667 | ANTHONY | KORBLICK | P O BOX 54 | GRAND RAPIDS | MN | 55744 | 6/20/2009 | $948.36 |
| 35026 | MARTIN | LOPEZ | 9707 BRAEBURN GLEN # 120 | HOUSTON | TX | 77074 | 6/22/2009 | $1,088.80 |
| 35477 | YOLANDA | LOPEZ MENDOZA | 9707 BRAEBURN GLEN # 120 | HOUSTON | TX | 77074 | 6/30/2009 | $940.91 |
| 36160 | ISRAEL | LUPERCIO | 1518 WYOMING ST | SAN ANTONIO | TX | 78203 | 6/10/2009 | $1,110.38 |
| 37143 | RAUL | MARIN | 909 MAGNOLIA LN APT 3 | MADISON | WI | 53713 | 6/22/2009 | $447.94 |
| 38850 | SILVA | MARTINEZ | 2901 W 63RD AVE # 71 | DENVER | CO | 80221 | 6/8/2009 | $676.02 |
| 37921 | GABRIEL | MARTINEZ | 2003 BROOKLANE DR | HATTIESBURG | MS | 39401 | 6/17/2009 | $54.77 |
| 37617 | BERNARDO | MARTINEZ | 2800 HONEYSUCKLE AVE | FORT WORTH | TX | 76111 | 6/10/2009 | $56.97 |
| 38225 | JOSE M | MARTINEZ VELAZQUEZ | 407 MASSACHUSETTS AVE REAR | BUFFALO | NY | 14213 | 6/13/2009 | $385.61 |
| 39703 | JUDY | MCGRIFF | 40 RAMSEY PARK | ROCHESTER | NY | 14610 | 6/16/2009 | $807.37 |
| 39925 | BRIDGETTE | MEDRANO | 18 MORRISON COVE | MARION | AR | 72364 | 6/16/2009 | $63.98 |
| 40457 | GUILLERMO | MELENDEZ | 770 MILL ROAD 6B | WEST SENECA | NY | 14224 | 6/17/2009 | $814.49 |
| 36368 | DAVID | MICHAUD JR | 2925 7TH AVE NW | ROCHESTER | MN | 55901 | 6/11/2009 | $67.92 |
| 41843 | JENNIFER | MILLION | 205 E MONROE AVE | OWENSVILLE | MO | 65066-1427 | 6/23/2009 | $131.46 |
| 42390 | JUAN | MONTANEZ | 81-19 TH ST | BUFFALO | NY | 14213 | 1/0/1900 | $639.76 |
| 43212 | GONZALO | MORALES | 5010 OPAL LN LOT 23 | LITTLE ROCK | AR | 72209 | 6/30/2009 | $14.68 |
| 43342 | JUAN | MORALES | 7406 W 58TH ST # 2 N | SUMMIT | IL | 60501 | 6/12/2009 | $192.26 |
| 44431 | VICTOR | MUNOS | 3520 12TH AVE S #9 | MINNEAPOLIS | MN | 55407 | 6/11/2009 | $521.45 |
| 45018 | ALEJANDRO | NAVARRO GONZALEZ | 39 MOTCLAIR ST | BUFFALO | NY | 14214 | 6/12/2009 | $373.01 |
| 45148 | FERNANDO | NAZARIO | 1214 WEST AVE # 2 | BUFFALO | NY | 14213 | 6/11/2009 | $974.00 |
| 45551 | ANASTACIO | NINO-GARCIA | 5500 EL CAMINO DEL REX #2507 | HOUSTON | TX | 77081 | 6/17/2009 | $752.60 |
| 46220 | MARIA | OLIVO | 3008 S HOMAN 1 | CHICAGO | IL | 60623 | 6/24/2009 | $33.96 |
| 46275 | PETER | OLSON | 514 3RD ST NE | FOSSTON | MN | 56542 | 6/8/2009 | $420.67 |
| 46398 | JORGE | OPPENHIEMER | 179 NORMAL AVE LOWER | BUFFALO | NY | 14213 | 6/13/2009 | $506.11 |
| 47173 | RAFAEL | ORTIZ-RUIZ | 2920 16TH AVE S | MINNEAPOLIS | MN | 55407 | 1/0/1900 | $595.94 |
| 48774 | ROBERTO | PEPI | GEORGE #147 | ST PAUL | MN | 55107 | 7/15/2009 | $350.55 |
| 50654 | BRENDA | PICA | 501 4TH ST | BUFFALO | NY | 14201 | 6/11/2009 | $0.00 |
| 51323 | KEYONNA | PORTEE | 2305 CHERRY HILLS DR APT 201 | SPRINGFIELD | IL | 62704-4428 | 7/1/2009 | $140.22 |
| 51521 | ANGELO | PRENTESS- STALLINGS | 243 E AMHERST ST APT # L 22 | BUFFALO | NY | 14214 | 6/22/2009 | $122.69 |
| 51866 | JOSE | QUINONEZ | 84 WEST AVE | BUFFALO | NY | 14201 | 6/22/2009 | $251.41 |
| 52702 | OLGA | RAMIREZ | 545 WACO LN | CARPENTERVILLE | IL | 60110 | 6/20/2009 | $210.33 |
| 52764 | RAUL | RAMIREZ | 22B JASPER PARRISH DR | BUFFALO | NY | 14207 | 6/16/2009 | $469.96 |
| 52627 | MARIA | RAMIREZ | 10200 W BELLFORT 1313 | HOUSTON | TX | 77031 | 6/19/2009 | $884.06 |
| 53358 | JOSE | RAMOS | 135 LINCOLN AVE | BRENTWOOD | NY | 11717 | 6/13/2009 | $467.44 |
| 55499 | DANIEL | RIVERA | 1634 SOUTH 13ST STREET | MILWAUKEE | WI | 53204 | 6/15/2009 | $242.10 |
| 56847 | JAVIER | RODRIGUEZ | 2334 N LATROBE | CHICAGO | IL | 60639 | 6/25/2009 | $443.67 |
| 57554 | VIMARIA | RODRIGUEZ | 115 DEBRA LANE | BUFFALO | NY | 14207 | 6/23/2009 | $529.12 |
| 56649 | ERIC | RODRIGUEZ | 180 NIAGARA APT 201 | BUFFALO | NY | 14201 | 1/0/1900 | $28.48 |
| 58884 | PRISCILLA | ROMERO | 1505 WYOMING ST | SAN ANTONIO | TX | 78203 | 6/10/2009 | $56.97 |
| 58179 | ARMANDO | ROMERO | 1505 WYOMING ST | SAN ANTONIO | TX | 78203 | 6/10/2009 | $1,397.07 |
| 58667 | PASCUALA | ROSADO | 6199 OLD WADSWORTH APT F | ARVADA | CO | 80004 | 7/11/2009 | $882.08 |
| 58681 | GERARDO | ROSADO-SERGIO | 6199 WADSWORTH APT F | ARVADA | CO | 80033 | 7/11/2009 | $84.13 |
| 58735 | JOSE | ROSALES | 7927 TORNILLO ST | MISSION | TX | 78574 | 6/11/2009 | $1,437.60 |
| 58988 | JACOB | ROSAS | 6633 HARRISON | HAMMAND | IN | 46324 | 7/6/2009 | $650.72 |
| 58902 | DOMINGO | ROSAS | 6633 HARRISON AVE | HAMMOND | IN | 46324 | 7/6/2009 | $140.22 |
| 58995 | JOHN | ROSAS | 165 SUSAN ST | LANSING | MI | 48906 | 1/0/1900 | $297.97 |
| 59244 | MARITZA | ROTETA | 187 RAVINE AVE | ROCHESTER | NY | 14613-2507 | 6/23/2009 | $315.50 |
| 59251 | SHANA | ROULHAC | 145 NORTHLAND | BUFFALO | NY | 14208 | 7/15/2009 | |

| ID | First | Last | Address | City | State | Zip | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 59268 | ERICK | RUBIO | 11040 AMHER ST GLEN DRIVE | CHARLOTTE | NC | 28213 | 6/22/2009 | $297.42 |
| 60509 | JUAN | SALINAS | 212 N ELMWOOD AVE | WAUKEGAN | IL | 60085 | 6/13/2009 | $372.46 |
| 61537 | MARIA | SANCHEZ | 12151 N 35 # 1511 | AUSTIN | TX | 78753 | 7/13/2009 | $598.13 |
| 61926 | DAVID | SANCHEZ CRUZ | 7429 W 62ND ST | SUMMIT | IL | 60501 | 6/13/2009 | $1,742.26 |
| 62244 | PAULINO | SANDOVAL | 6199 OIDE WADSWORTH APT F | ARVADA | CO | 80003 | 7/11/2009 | $1,693.29 |
| 62329 | CARLOS | SANTAMARIA | 1410 W 148TH , APT 2 | EAST CHICAGO | IN | 46312 | 6/19/2009 | $1,684.31 |
| 63104 | ISIDRO | SAUCEDO | 2330 S TRUMBULL AVE | CHICAGO | IL | 60623 | 6/9/2009 | $969.94 |
| 63708 | MABEL | SILES | 4016 THORNTON ST | ANNANDALE | VA | 22003 | 7/15/2009 | $266.31 |
| 63760 | CIRILO | SILVA BARRAGA | 916 ALANIEDA | CORPUS CHRISTI | TX | 78401 | 7/3/2009 | $1,288.62 |
| 63821 | FADIL | SINANOVIC | 3709 W 9TH ST #4 | WATERLOO | IA | 50702 | 6/8/2009 | $399.30 |
| 63968 | NICK | SNYDER | 302 SE 9TH AVE | GRAND RAPIDS | MN | 55744 | 6/10/2009 | $0.00 |
| 65115 | JOSE | TAMAYO | 1318 GARDINA APT 40 | SAN ANTONIO | TX | 78201 | 6/18/2009 | $413.00 |
| 65122 | MARIO | TAMAYO | 1318 GARDINA APT 40 | SAN ANTONIO | TX | 78201 | 6/18/2009 | $284.83 |
| 65177 | SHAWN | TANGEDAHL | 1606 16TH AVE E APT 1 | HIBBING | MN | 55746 | 7/7/2009 | $67.92 |
| 65887 | GERARDO | TOBAR | 9218 E AVE N | HOUSTON | TX | 77012 | 1/0/1900 | $14.57 |
| 66631 | RODRIGO | TORRES | 1103 NORTH SPRINGS GARDEN | RALEIGH | NC | 27603 | 6/17/2009 | $185.14 |
| 66990 | TERESA | TREJO | 759 PRINCE OF WALES | ARLINGTON | TX | 76017 | 6/12/2009 | $941.68 |
| 67379 | MARIA | TUN DE DZIB | 1624 NEWARK ST | AURORA | CO | 80010 | 6/27/2009 | $76.68 |
| 68673 | JOSE | VASQUEZ | 135 LINCOLN AVE | BRENTWOOD | NY | 11717 | 6/16/2009 | $633.19 |
| 69243 | MOISES | VEGA | 37 JANICE ST | BUFFALO | NY | 14207 | 6/9/2009 | $861.05 |
| 69854 | MARIA | VELAZQUEZ | 1941 N HICKS RD 101 | PALATINE | IL | 60074 | 6/26/2009 | $1,025.04 |
| 70034 | ALFONSO | VENEROSO | 7245 HILLCROFT 12 | HOUSTON | TX | 77081 | 7/13/2009 | $341.79 |
| 70157 | SANTOS | VENTURA | 5840 GLEMONT APT 168 | HOUSTON | TX | 77081 | 6/18/2009 | $185.14 |
| 70201 | MARIO | VENTURA-BATZ | 5840 GLEMONT #168 | HOUSTON | TX | 77081 | 6/18/2009 | $427.24 |
| 70829 | MIGUEL | VILLANUEVA | 75 MARINE HOMES | BUFFALO | NY | 14201 | 1/0/1900 | $388.35 |
| 71161 | CHRISTINE | WIGHTMAN | 931 A BENNIN DR | COLUMBUS | GA | 31903 | 6/23/2009 | $553.66 |
| 71215 | JASON | WINGER | 33776 WHITE PINE LN | GRAND RAPIDS | MN | 55744 | 1/0/1900 | $1,001.82 |
| 71239 | JAMES | WIRTH | P O BOX 366 | BOVEY | MN | 55709 | 7/15/2009 | $186.78 |
| 71819 | ADRIANA | ZAPATA | 9600 W 51 PLATE F212 | ARVADA | CO | 80002 | 6/9/2009 | $690.16 |
| 72199 | RODRIGO | ZUNIGA | 186 NORTON VILLAGE LN | ROCHESTER | NY | 14609 | 6/15/2009 | $245.39 |
| 72175 | MARICEL | ZUNIGA | 186 NORTON VILLAGE LN | ROCHESTER | NY | 14609 | 6/15/2009 | $245.39 |

$60,079.06

**EXHIBIT 1-H (CONTINUED)**

**ADDITIONAL OPT-IN PLAINTIFFS - LATE BUT ACCEPTED BY PRESTIGE**

**BACKPAY AMOUNTS**

| RustID | FirstName | LastName | Address1 | City | State | Zip | PostMark Date | Backpay Amount |
|--------|-----------|----------|----------|------|-------|-----|---------------|----------------|
| 70041 | ARMANDO | VENEROSO | 7245 HILLCROFT ST  APT 12 | HOUSTON | TX | 77081 | 7/23/2009 | 469.96 |
| 55772 | ROSA | RIVERA | 302 N WAUMBAUGH ST | BAZINE | KS | 67516-9606 | 8/10/2009 | 76.79 |
| 8259 | FELIPE | CARDONA ATILANO | 2332 S TRUMBALL | CHICAGO | IL | 60623 | 7/18/2009 | $476.54 |
| 23634 | MARIA | GOMEZ | 5716 YOUNG RD | LITTLE ROCK | AR | 72209 | 7/18/2009 | $452.65 |
| 66921 | LUIS | TRAPAGA | 4116 S ARTESIAN AVE | CHICAGO | IL | 60632-1107 | 7/25/2009 | $236.62 |
| 22361 | VIDAL | GARCIA | 6000 BISSONET APT 342 | HOUSTON | TX | 77081 | 7/24/2009 | $199.38 |
| 69793 | DANIEL | VELAZQUEZ | 1039 ADAMS ST | NORTH CHICAGO | IL | 60064 | 8/19/2009 | $773.41 |
| 24204 | ARTIE | GONZALEZ | 157 BAYNES ST | BUFFALO | NY | 14213 | 8/19/2009 | $52.58 |

## EXHIBIT 1-H (CONTINUED)

### ADDITIONAL OPT-IN PLAINTIFFS - UNSIGNED BUT ACCEPTED BY PRESTIGE
### BACKPAY AMOUNTS

| RustID | FirstName | LastName | Address1 | City | State | Zip | PostMark Date | Backpay Amount |
|---|---|---|---|---|---|---|---|---|
| 36191 | JILL | LUPERCIO | 1518 WYOMING ST | SAN ANTONIO | TX | 78203 | 6/10/2009 | 754.79 |